IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHUAYB GREENAWAY, : | |
|     Plaintiff : | |
| : | |
| v. : | CIVIL ACTION NO. 25-2202 |
| : | |
| BUREAU OF HEARINGS AND APPEALS, : | |
| *et al.*, : | |
|     Defendants : | |

## ORDER

AND NOW, this ____ day of _____, 2025, upon consideration of the Commonwealth Defendants' Motion to Dismiss, and Plaintiff's thereto (if any), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that the claims against the Commonwealth Defendants are DISMISSED WITH PREJUDICE.

                                              BY THE COURT:

                                              _____

                                              **KAI N. SCOTT, J.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHUAYB GREENAWAY, : | |
|     Plaintiff : | |
| : | |
| v. : | CIVIL ACTION NO. 25-2202 |
| : | |
| BUREAU OF HEARINGS AND APPEALS, : | |
| *et al.*, : | |
|     Defendants : | |

## COMMONWEALTH DEFENDANTS' MOTION TO DISMISS

Defendants Bureau of Hearings and Appeals, Department of Human Services, and the State of Pennsylvania (collectively "Commonwealth Defendants"), move the Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), to dismiss Plaintiff Shuayb Greenaway's claims because:

1. The Commonwealth Defendants are not "persons" subject to suit under § 1983.

2. The Eleventh Amendment precludes Plaintiff's claims against the Commonwealth Defendants.

This motion is supported by the attached memorandum of law.

WHEREFORE, the Commonwealth Defendants Motion to Dismiss should be granted and the claims against them dismissed with prejudice.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

By: *s/ Kevin Bradford*
KEVIN BRADFORD
Senior Deputy Attorney General
Attorney-in-Charge, Eastern Regional Office
Attorney ID 88576

Pa Office of Attorney General
1600 Arch Street, Suite 300

Philadelphia, PA 19103
Phone: (267) 374-5450
kbradford@attorneygeneral.gov

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

Date:  October 6, 2025

Counsel for Commonwealth Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHUAYB GREENAWAY, : | |
| Plaintiff : | |
| : | |
| v.   : | CIVIL ACTION NO. 25-2202 |
| : | |
| BUREAU OF HEARINGS AND APPEALS, : | |
| *et al.*, : | |
| Defendants : | |

MEMORANDUM IN SUPPORT OF
COMMONWEALTH DEFENDANTS'
<u>MOTION TO DISMISS</u>

Defendants Bureau of Hearings and Appeals (BHA), Department of Human Services (DHS), and the State of Pennsylvania (collectively "Commonwealth Defendants"), through their undersigned counsel, respectfully submit this memorandum in support of their motion to dismiss.

I.   BACKGROUND

Plaintiff, Shuayb Greenaway, has initiated this civil action pro se, pursuant to 42 U.S.C. § 1983. Plaintiff claims are based upon the Commonwealth Defendants' alleged violations of his rights under the U.S. Constitution and the Food and Nutrition Act's Supplemental Nutrition Assistance Program ("SNAP").

SNAP is a federally funded nutrition program, established by the Food and Nutrition Act of 2008, whereby individuals whose households meet certain eligibility requirements may receive financial assistance in purchasing food. Compl. ¶¶ 10-11; 7 U.S.C. §§ 2011–2036; <u>Justice v. N. Carolina Dep't of Health & Hum. Servs. Sec'y</u>, No. 18-0187, 2020 WL 2615752, at *2 (E.D.N.C. May 22, 2020), *aff'd sub nom.* <u>Just. v. N. Carolina Dep't Health & Hum. Servs. Sec'y</u>, No. 20-1597, 2022 WL 42465 (4th Cir. Jan. 5, 2022). Eligible households are allotted funds to purchase food from retail stores approved for participation in the program. Compl. ¶ 29; 7 U.S.C. § 2013(a). As

1

part of maintaining eligibility for SNAP, households must undergo a recertification process in which the household's continuing eligibility and participation in the program is redetermined for a new period. Compl. ¶ 33; 7 C.F.R. § 273.14.

In Pennsylvania SNAP benefits are administered by DHS. Compl. ¶ 14. An applicant who disagrees with DHS's initial determination may submit an appeal of that decision, which is administered by DHS's BHA. 55 Pa. Code § 275.3. If the applicant disagrees with the BHA's decision, they may appeal to Commonwealth Court and/or seek reconsideration by the Secretary of DHS. 55 Pa. Code § 275.61.

At some point before February 2025, DHS determined that Plaintiff's family was ineligible for SNAP benefits, as well as medical and cash assistance. Compl. ¶¶ 49-50. In February 2025, Plaintiff appealed this determination to the BHA on the grounds that denial was based on a miscalculation of income and did not properly apply mandatory deductions. Id. Plaintiff submitted a second appeal in March 2025, making similar arguments. Id. ¶ 53.

On April 7, 2025, a hearing on the appeal took place before an Administrative Law Judge (ALJ). Id. ¶ 54. Plaintiff maintains that DHS engaged in "significant misconduct" during this hearing, by failing to provide required documentation in advance, not sharing the documents with Plaintiff during the hearing, and evading questions about those documents. Id. ¶ 55.

After Plaintiff rejected the ALJ's suggestion that he request a continuance, DHS then requested a continuance, which was granted. Id. ¶ 56.

After that hearing, Plaintiff requested no-cost copies of the transcripts and audio files, due to his indigence. Id. ¶¶ 57-58. BHA denied this request, but did offer to play the recordings for Plaintiff at its offices or by way of a Teams call. Id. ¶ 58.

On April 30, 2025, the hearing was reconvened. Id. ¶ 60. However, it was not completed because of technical difficulties. Id. On that same day, Plaintiff initiated this lawsuit against the Commonwealth Defendants. Id.; ECF No. 1.

In the Complaint Plaintiff brings five § 1983 claims against the three Commonwealth Defendants asserting that these entities have violated his rights under Food and Nutrition Act or the regulations implementing that Act (Counts I-III, V), as well as his rights to due process and equal protection under the Fourteenth Amendment of the U.S. Constitution (Count IV).

As a matter of law, none of these claims can proceed against the Commonwealth Defendants, who therefore file this motion to dismiss under Federal Rule of Civil Procedure 12.

## II.     ARGUMENT

### A. Applicable Standards

#### 1. *Rule 12(b)(1) – Lack of Subject Matter Jurisdiction*

An attack on the subject matter jurisdiction of a matter may be raised at the earliest stage of litigation. Fed.R.Civ.P. 12(h)(3).  When a Fed.R.Civ.P. 12(b)(1) motion attacks subject matter jurisdiction prior to the filing of an answer, this is a facial attack.  Nelson v. Commonwealth Department of Public Welfare, 244 F.Supp.382, 386 (E.D.Pa. 2002).  In this situation the trial court shall accept the complaint's allegations as true.  *See* Turicentro, S.A. v. American Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002).  However, there are no favorable inferences to be drawn in favor of the plaintiff, Halstead v. Motorcycle Safety Foundation, Inc., 71 F.Supp.2d 464, 468 (E.D.Pa. 1999), and the plaintiff bears the burden of persuasion that jurisdiction exists.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).  If it appears that the complaint fails to assert a colorable claim of subject matter jurisdiction, the complaint may be dismissed.  Halstead, 71 F.Supp.2d at 468.

### 2. *Rule 12(b)(6) – Failure to State a Claim*

Under Rule 12(b)(6), "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. See also Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir.2010). Although the plausibility standard "does not impose a probability requirement," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678. A complaint that pleads facts "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief." Id. The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 679. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. See Connelly v. Lane Const. Corp., No. 14-3792, 2016 WL 106159, at *3-4 (3d Cir. Jan. 11, 2016). A complaint must "show" such an entitlement with its facts. Iqbal, 556 U.S.

4

at 678-79. *See* Connelly, 2016 WL 106159, at *3-4; Santiago v. Warminster Twp., 629 F. 3d 121, 130 (3d Cir. 2010); Phillips v. County of Allegheny, 515 F. 3d 224, 234-235 (3d Cir. 2008).

### B. Section 1983 claims cannot be brought against states or state entities

It is well-established that § 1983 claims cannot be brought against state agencies, since states are not considered "persons" under that statute. Will v. Michigan Department of State Police, 491 U.S. 58, 64, 70-71 (1989). The defendants here are the state itself, a state agency, and bureau within that state agency. They are all considered arms of the state and therefore cannot be sued under § 1983. *See* Scott v. Pennsylvania Dep't of Hum. Servs., No. 25- 2897, 2025 WL 1908045, at *2 (E.D. Pa. July 10, 2025) (Finding that DHS and a DHS County Assistance Office "are state agencies immune from suit and not 'persons' subject to liability under § 1983.")

Plaintiff's claims should therefore be dismissed.[1]

### C. The Eleventh Amendment precludes subject matter jurisdiction over Plaintiff's claims

It is well established that the Eleventh Amendment immunizes states and their agencies from suit in the federal courts. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261 (1997); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment "deprives federal courts of subject matter jurisdiction." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir. 1996). Eleventh Amendment immunity can be overcome only when a state consents to being sued or Congress specifically abrogates this

---

[1] As argued in the next section, Plaintiff's claims are also barred by Eleventh Amendment immunity. Where a party contends that a claim is barred by the statute itself as well as the Eleventh Amendment, the court should first determine whether the statute itself allows the claim. Vermont Agency of Natural Resources v. U.S. ex rel. Stevens, 529 U.S. 765, 779 (2000). This guides the order of the Commonwealth Defendants' arguments.

immunity pursuant to a valid exercise of power. Kimel v. Florida Bd. of Regents, 528 U.S. 62, 72-73 (2000).

The Commonwealth of Pennsylvania has explicitly withheld its consent to suit in federal court. 42 Pa.C.S. § 8521(b). Furthermore, "[s]ince Congress expressed no intention of disturbing the states' sovereign immunity in enacting § 1983, these suits, when brought against a state, are barred by the Eleventh Amendment." Blanciak, 77 F.3d at 697 (*citing* Will, 491 U.S. 58, Quern v. Jordan, 440 U.S. 332, 339-46 (1979)). *See also* Petsinger v. Pa. Department of Transportation, 211 F.Supp.2d 610, 613 (E.D.Pa. 2002) ("Congress did not abrogate state immunity in general in enacting civil rights legislation, including § 1983.") (internal citation omitted); *Davis v. Pennsylvania*, 229 Fed.Appx. 95, 2007 WL 1133276 at *1 (3d Cir. Apr. 17, 2007).

The Commonwealth Defendants are state entities protected by Eleventh Amendment immunity. *See* Scott, *supra*. The Eleventh Amendment therefore presents a jurisdictional bar to Plaintiff's § 1983 claims against the Commonwealth Defendants, which should therefore be dismissed.[2]

---

[2] "If a federal court determines that a state institution is protected by Eleventh Amendment immunity, the suit against that institution must be dismissed, as the court does not have jurisdiction." Sanders v. Pennsylvania's State Sys. of Higher Educ., 811 F. App'x 139, 141 (3d Cir. 2020) (*citing* Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir. 1996)).

### III. CONCLUSION

Based on the foregoing, all claims against the Commonwealth Defendants should be dismissed with prejudice.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

By: *s/ Kevin Bradford*
KEVIN BRADFORD
Senior Deputy Attorney General
Attorney-in-Charge, Eastern Regional Office
Attorney ID 88576

Pa Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: (267) 374-5450
kbradford@attorneygeneral.gov

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

Counsel for Commonwealth Defendants

## CERTIFICATE OF SERVICE

I, Kevin Bradford, hereby certify that the foregoing *Motion to Dismiss* has been filed electronically on October 6, 2025 and is available for viewing and downloading from the Court's Electronic Case Filing (ECF) System. The following parties are on the e-mail notice list for this matter and therefore electronically served via the ECF System upon filing.

- **SHUAYB GREENAWAY**
  communicationzexpert@gmail.com
  *Pro se Plaintiff*

    *s/ Kevin Bradford*
**KEVIN BRADFORD**
Senior Deputy Attorney General