IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHUAYB GREENAWAY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-2202 |
| | : | |
| BUREAU OF HEARINGS AND | : | |
| APPEALS, BHA, *et al.*, | : | |
|     Defendants. | : | |

## ORDER

AND NOW, this 4th day of March 2026, upon consideration of Plaintiff Shuayb Greenaway's *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1.    Defendants' Motion to Dismiss (ECF No. 35) is **GRANTED** for the reasons stated in the Court's accompanying Memorandum.

2.    Greenaway's Complaint is **DISMISSED WITHOUT PREJUDICE.**

3.    The Clerk of Court is **DIRECTED** to **TERMINATE** the Bureau of Hearings and Appeals, Department of Human Services, and the State of Pennsylvania as Defendants.

4.    Greenaway may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Greenaway's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers, including exhibits, filed in this case to state a claim. When drafting his amended complaint, Greenaway should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Greenaway shall **NOT** reassert claims against parties that have already been terminated as Defendants or assert claims on behalf of others.

5.    Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

6.    The Clerk of Court is **DIRECTED** to send Greenaway a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  Greenaway may use this form to file his amended complaint if he chooses to do so.

7.    If Greenaway does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

8.    If Greenaway fails to file any response to this Order, the Court will conclude that Greenaway intends to stand on his Complaint and will issue a final order dismissing this case.[1]

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v.*

2

*See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

9.      The Clerk of Court is **DIRECTED** to restrict access to Greenaway's Exhibits (ECF No. 2) to public terminal users only[2] because it contains Personally Identifiable Information ("PII").  Pursuant to this Court's Local Rule 5.1.3., "[a]s documents in civil cases are publicly viewable (unless filed under seal), personal identifiers such as Social Security numbers, dates of birth, financial account numbers and names of minor children must be modified or partially redacted in all documents filed electronically or in paper."

BY THE COURT:

_____
KAI N. SCOTT, J.

---

*Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

[2] This limits viewing of this document electronically on ECF to court users, case participants, and those using the court computer in the Clerk's Office.

3